**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVSION**

| | |
|---|---|
| **MIEQULE BROCK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WEIS BUILDERS, INC. and EMILY HEIM,**<br><br>**Defendants.** | **CIVIL ACTION FILE NUMBER**<br><br>**4:26-cv-00144** |

**JOINT STIPULATION FOR CONFIDENTIALITY AGREEMENT**

The discovery sought by the parties in the above-styled case is likely to involve the production of documents and things containing confidential information and witness testimony containing confidential information. Accordingly, the parties have agreed to enter into this Joint Stipulation for Confidentiality Agreement governing the production of documents and testimony that contain confidential information and agree to be mutually bound by its terms, as follows:

1. The party producing confidential records will designate such documents as confidential. The parties will make these confidential designations only where they have a good faith belief that such documents are, in fact, confidential as defined by statute, regulation, or federal case law.

2. Confidential documents may be used by the party or parties to whom it is produced only in connection with the lawsuit proceedings and for no other purpose. The party or parties to whom these documents are produced shall maintain the confidentiality of the documents and shall not disclose the same to any persons outside the conduct of this lawsuit. Should these documents be disclosed to any person in connection with this lawsuit other than the parties' attorneys and staff

(such as to a potential witness or to an individual employed by that party for evaluation of this lawsuit and in preparation of the prosecution of this lawsuit), then such person shall be subject to the terms of this Joint Stipulation for Confidentiality Agreement.

3. Documents that may contain confidential information include medical records, personnel files and/or employee contracts, management company contracts and correspondence, budgetary and financial information, and any other documents or materials the parties designate, in good faith, as confidential, thereby indicating they contain confidential information.

4. If, after a good faith attempt to negotiate the designation of a document, an unresolvable conflict arises as to a party's objection to any particular document being marked confidential, the party asserting confidentiality will alert the Court to the dispute following Local Rule 26.5.

5. At the conclusion of this litigation, whether by settlement or trial, and after termination of all appeals and the expiration of time for further appeal, the party or parties to whom such documents were produced shall destroy all copies of these documents. The party or parties to whom the protected documents were produced is/are permitted to keep only an electronic version of the protected documents. The attorney for the party or parties in possession shall maintain the documents' confidentiality; however, they may release the documents if required to provide a copy of the documents to its client, insurance carrier, counsel, or pursuant to a valid subpoena, in which case the attorney will notify the attorneys for the party whose confidential information is sought.

6. Confidential documents subject to this Joint Stipulation for Confidentiality Agreement may not be filed in Court, without first obtaining the consent of the party that produced the document or requesting an Order from the Court permitting the party to file said document(s)

under seal. If the Court orders and permits the document (s) to be filed under seal, the parties shall follow the procedure established by the Court for filing such documents.

7. The production of Confidential documents by any party or non-party shall not constitute a waiver of any privilege that any party may have with respect to such materials.

8. This Joint Stipulation for Confidentiality Agreement shall not apply to the disclosure of protected documents, or the information contained therein at the time of trial, through the receipt of protected documents into evidence or through the testimony of witnesses.

This 5th day of August, 2026.

**HALL BOOTH SMITH, P.C.**

*s/ Timothy A. Bishop*
TIMOTHY A. BISHOP
Georgia Bar No. 647509
JACOB P. KITCHEN
Georgia Bar No. 943697
*Counsel for Defendants*

3528 Darien Highway, Suite 300
Brunswick, GA 31525
T: (912) 554-0093
F: (912) 554-1973
E: TBishop@hallboothsmith.com
E: JKitchen@hallboothsmith.com

**MORGAN & MORGAN**

*s/ Kendall B. Shortway*
KENDALL B. SHORTWAY
Georgia Bar No. 312819
JAMES MICHAEL GILMORE JR.
Georgia Bar No. 023564
*Counsel for Plaintiff*

11605 Haynes Bridge Road, Suite 490
Alpharetta, Georgia 30009
Post Office Box 530243
Atlanta, Georgia 30353
T: (470) 386-6599
F: (470) 321-7898
E: kshortway@forthepeople.com
E: james.gilmore@forthepeople.com